UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BELINDA Y. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:10-CV-1005RWS |
| v. | ) |
| | ) |
| GEORGIA-PACIFIC CONSUMER | ) |
| PRODUCTS L.P. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Belinda Brown ("Brown") filed this complaint against Defendant Georgia-Pacific Consumer Products, L.P. ("Georgia-Pacific") alleging it violated 35 U.S.C. § 292(a), which prohibits the marking of an item with the word "patent" or a patent number for the purpose of deceiving the public. The Defendant's motion to dismiss is presently before the Court. Because the Plaintiff has failed to allege sufficient facts in her complaint to satisfy Federal Rule of Civil Procedure 9(b), I will grant the motion to dismiss with leave to amend.

*Background*

Plaintiff Brown asserts a single claim of false patent marking under 35 U.S.C. § 292. Defendant Georgia-Pacific makes and sells Quilted Northern® Soft & Strong bath tissue ("Quilted Northern® bath tissue"). Brown alleges the packaging for Quilted Northern® bath tissue states that the product is "Made under one or more U.S. Patents" and includes a reference to various patents, including Des. 368,587 and Des. 373,905. U.S. Patent No. Des. 368,587 ("the '587 Patent") was filed on October 7, 1994 and issued on April 9, 1996. U.S. Patent No. Des. 373,905 ("the '905 Patent") was filed on November 2, 1994 and issued on September 24, 1996.

Defendant acknowledges in its motion to dismiss that both the '587 Patent and '905 Patent expired on January 31, 2009.

Defendant has filed a motion to dismiss on the basis that Plaintiff has failed to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b), or alternatively, has failed to satisfy the pleading standard under Rule 8(a). Defendant also argues Plaintiff's complaint should be dismissed for failure to properly allege that Quilted Northern® bath tissue is an "unpatented article" under 35 U.S.C. § 292.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Discussion*

The false marking statute provides that "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public...[s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292(a). To prevail on a false marking

claim, the plaintiff must show that the defendant marked an "unpatented article" with the "intent to deceive the public." Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed.Cir. 2009).

*Applicability of Rule 9(b)*

Some courts have found that because "intent to deceive" is an element of the false marking claim, Federal Rule of Civil Procedure 9(b) is applicable. *See, e.g.,* Juniper Networks v. Shipley, No. C 09-0696 SBA, 2009 WL 1381873 (N.D. Cal. May 14, 2009); Simonian v. Cisco Systems, Inc., No. 10 C 1306, 2010 WL 2523211 (N.D. Ill. June 17, 2010); Hollander v. Etymotic Research, Inc., No. 10-526, 2010 WL 2813015 (E.D. Pa. July 14, 2010); Brinkmeier v. BIC Corp., Civ. Nos. 09-860-SLR, 10-01-SLR, 2010 WL 3360568 (D. Del. Aug. 25, 2010). The case law on this issue is still developing and there is currently no binding precedent.

Georgia-Pacific cites Exergen Corp. v. Wal-Mart Stores, Inc., for the proposition that the Federal Circuit would apply Rule 9(b) to a false marking claim. Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312 (Fed. Cir.2009). In Exergen, the Federal Circuit considered what pleading standard is applicable to a claim of inequitable conduct, which requires pleading intent to deceive. Id. at 1327 n.3. The Federal Circuit held that Rule 9(b) applies to a claim of inequitable conduct and requires "setting forth the particularized factual bases for the allegation." Id. at 1327. The Federal Circuit went on to indicate that while "'knowledge' and 'intent' may be averred generally,...[it is required] that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." Id. at 1327.

Because intent to deceive is an element of false marking, I find a claim brought under 35 U.S.C. § 292 is a fraud-based claim, and is subject to the pleading requirement of Rule 9(b).

Simonian, 2010 WL 2523211 at 3; *see also* Exergen, 575 F.3d at 1326-30. As a result, the Rule 9(b) pleading standard applies to Brown's false marking claim.

*Analysis of Intent to Deceive under Rule 9(b)*

Rule 9(b) allows intent or "other conditions of a person's mind" to be alleged generally. Fed. R. Civ. P. 9(b). In doing so, the pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." Exergen, 575 F.3d at 1327. Allegations under Rule 9(b) may be based upon "information and belief...when essential information lies uniquely within another party's control, but only if the pleading sets forth specific facts upon which the belief is reasonably based." Id. at 1330. "Where a party making a misrepresentation has knowledge of the misrepresentation, intent to deceive can be inferred." Clontech Lab., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed.Cir. 2005).

Brown argues in her response to Defendant's motion to dismiss that collectively the following allegations adequately plead Georgia-Pacific had knowledge the '587 and '905 Patents had expired: Georgia-Pacific "is a sophisticated business entity with extensive [patent] experience," Georgia-Pacific "seeks and maintains a number of patents," "[u]pon information and belief [Georgia-Pacific] has an in-house legal department" for patent issues and "compliance with marketing, labeling, and advertising laws," and Georgia-Pacific knew or should have known the articles marked with the '587 and '905 Patents are not covered by the expired patents because "expired patents have no monopoly rights." However, Brown's allegations do not include any specific facts from which I can infer Georgia-Pacific knew the '587 and '905 Patents had expired. As a result, because Brown has not adequately plead that Georgia-Pacific had

knowledge that the '587 and '905 Patents had expired, an inference of Georgia-Pacific's intent to deceive does not arise.

Brown further alleges "upon information and belief, [Georgia-Pacific marked its products] with the '587 and '905 Patents for the purpose of deceiving the public," and "upon information and belief, [it] intentionally included the '587 and '905 Patents in an attempt to prevent competitors from making and selling...competing products." While a plaintiff may allege upon information and belief, Brown has not "set forth specific facts upon which the belief is reasonably based." Exergen, 575 F.3d at 1327. As a result, Brown has failed to satisfy the pleading requirements of Rule 9(b) and I will grant Georgia-Pacific's motion to dismiss.

Because the issue of pleading intent to deceive is dispositive in this case, I will not reach the issue of whether Brown's complaint sufficiently pleads that Georgia-Pacific marked an "unpatented article."

If Brown can cure the deficiency in her complaint, she may file a motion for leave to file an amended complaint by November 19, 2010. If Brown fails to file a motion for leave to file an amended complaint by November 19, 2010, the instant action will be dismissed. Accordingly,

**IT IS HEREBY ORDERED that** Defendant's motion to dismiss [#7] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2010.